IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>SPENCER GLENN PRICE,<br><br>　　　　　　　Defendant. | **CR-12-72-GF-BMM**<br><br>**ORDER** |

Defendant Spencer Glenn Price ("Price") has moved the Court for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 46); *see* (Doc. 42). The Court appointed counsel to assist Price in this matter on April 24, 2024. *See* (Doc. 44); (Doc. 45). Price has provided documentation showing that, over thirty days ago, he filed a request with the warden of his facility. (Doc. 42 at 6-8; *see* Doc. 47 at 3.) This filing satisfies the requirements of 18 U.S.C. § 3582(c)(1)(A). Price has served approximately 132 months of his sentence. *See* (Doc. 48-4.) Price's current expected release date is February 2, 2029. (*Id.*) Price seeks either home confinement or a sentence reduction to 150 months incarceration followed by supervised release. (Doc. 46 at 2.) The Government opposes Price's motion. (Doc. 47.) The Court now will grant in part Price's Motion for Compassionate Release.

The Court may, after considering the sentencing factors in 18 U.S.C. § 3553(a), reduce a sentence if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* U.S.S.G. § 1B1.13(a)(1)(A). An "extraordinary and compelling reason" justifying release may exist where "[t]he defendant is suffering from a serious physical or medical condition, [. . .] that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(b)(1)(B)(ii). An "extraordinary and compelling reason" justifying release also may exist where "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in [U.S.S.G. § 1B1.13(b)] paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). "[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of [the U.S.S.G.] policy statement." U.S.S.G. § 1B1.13(d).

Price seeks release in part because of his physical health issues and allegedly deficient medical treatment by the Bureau of Prisons. (Doc. 46 at 4-6, 10.) Price highlights a number of past and present ailments: a "history of multiple heart attacks," high blood pressure, "significant" leg swelling, foot "wounds," worsening eyesight, a skin infection, and "extreme" knee pain. (*Id.*) Price identifies several

corresponding delays and alleged inadequate treatment by the Bureau of Prisons in response to his health issues. (*Id.*) These include the failure of BOP to timely transport Price to an outside cardiology appointment resulting in the rescheduling of the appointment (*id.* at 4), the failure of BOP to provide Price "diabetic shoes" and instead providing "BOP issues shoes" that caused wounds to Price's feet severe enough to warrant the treatment of the wounds at a local medical center (*id.* at 4-5), a more than year long delay between Price's request for new glasses and an optometrist appointment leading to the issuance of new glasses (*id.* at 5), a several month delay between Price's initial complaint about his skin and Price's eventual transportation to a local emergency room for treatment of a skin infection (*id.* at 5-6), and an ongoing delay beginning in December of 2023 between Price's report of extreme knee pain and the indicated provision of an MRI (*id.* at 6).

Price further argues that his sentence should be reduced in light of changes in the law and critiques to certain factors in Price's sentencing since the imposition of Price's sentence. First, Price argues for a reduction in sentence based in part on changed expert perspectives on his "career offender" designation. Price had been categorized as a "career offender" at sentencing due to two prior "controlled substance offenses." (*Id.* at 3-4.) Price's criminal history did not include any crimes of violence. (*Id.*) A 2016 United States Sentencing Commission report to Congress concluded that "[d]rug trafficking only career offenders are not

3

meaningfully different from other federal drug trafficking offenders and should not categorically be subject to the significant increases in penalties required by the career offender directive." U.S. Sentencing Comm'n, "Report to the Congress: Career Offender Sentencing Enhancements," Aug. 2016. Second, Price argues for a reduction in sentence based in part upon disparate sentencing between offenders responsible for certain drug weight of methamphetamine mixture as opposed to pure methamphetamine. (*Id.* at 13.) Price further argues for a sentence reduction to reflect that several of the convictions used to calculate his criminal history were for violations of a law that the Washington Supreme Court has since determined to be unconstitutional. (*Id.* at 12); *see State v. Blake*, 481 P.3d 521, 530 (Wash. 2021) ("Washington's strict liability drug possession statute [. . . is] unconstitutional").

No single factor cited by Price justifies the reduction of his sentence under U.S.S.G. § 1B1.13(b)(5). Nevertheless, the combined weight of his circumstances is "similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). The Court notes that Price has faced steep consequences because of his "career offender" status not only in his original criminal history calculation and offense level calculation, but also in his ineligibility for a sentence reduction as a result of Amendment 782 in 2017. *See* (Doc. 40.) Price additionally has completed extensive programming, including an over-3,000-hour apprenticeship program. (Doc. 46-1.) Price has demonstrated extraordinary and compelling reasons to reduce

4

his sentence to time served with three years of supervised release to follow his release. The reduced sentence satisfies the federal sentencing goals described in 18 U.S.C. § 3553(a). Price is entitled to reduction in his sentence.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that

1. Price's Motion (Doc. 42) is **GRANTED in part**.

2. As of the date of this Order, Price's previously imposed sentence of imprisonment is **REDUCED** to 202 months of custody with four years of supervised release to follow his release.

**DATED** this 16th day of July, 2024.

_____
Brian Morris, Chief District Judge
United States District Court